IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON HANNIBAL,<br><br>               **Plaintiff,**<br><br>v.<br><br>EMERALD CARE NURSING FACILITY,<br><br>               **Defendant.** | Case No. 21-CV-364-JFH-MTS |

**OPINION AND ORDER**

Before the Court are three motions for default judgment (collectively the "Motions") filed by Plaintiff Sharon Hannibal ("Hannibal") against Defendant Emerald Care Nursing Facility ("Emerald Care"). Dkt. No. 18; Dkt. No. 21; Dkt. No. 25. For the reasons stated, the Motions are DENIED and the case is DISMISSED WITHOUT PREJUDICE.

Before considering a motion for default judgment, the Court "must first determine whether the defendants in question were properly served." *Cochran v. City of Wichita*, 784 F. App'x 585, 587-88 (10th Cir. 2019) (finding no abuse of discretion in denying motion for default where the evidence did not establish that two of the defendants had been properly served). The Court previously entered an Order explaining that Hannibal's attempt at service was invalid. Dkt. No. 16. *See* Fed. R. Civ. P. 4(c)(2) (indicating that a summons and complaint may be served by "[a]ny person who is at least 18 years old *and not a party*" (emphasis added)); *Wyatt v. Donahoe*, No. 11-CV-0801-CVE-TLW, 2012 WL 1247179, at *1 (N.D. Okla. Apr. 13, 2012) (concluding that, where a pro se plaintiff attempted to serve a party by personally mailing a copy of the summons and petition, the "plaintiff's attempted service was invalid under Rule 4(c)(2)"). The Court gave Hannibal an additional 30 days to re-serve Emerald Care in compliance with the Federal Rules and warned that it would dismiss the case if she failed to properly serve Emerald Care in that time.

Hannibal filed multiple documents after the Court's Order, but none cured the issue of her attempting to serve Emerald Care herself. *See* Dkt. No. 17; Dkt. No. 20; Dkt. No. 24. On September 5, 2023, the parties were notified in the Court's Order [Dkt. No. 16] that Hannibal's claims would be dismissed for failure to serve if service was not effected within thirty (30) days of the Order. The Court then held Hannibal's October 2023 motion for default judgment in abeyance for an additional thirty (30) days to allow time for compliance with the Federal Rules and local rules. Both these windows have expired.

"Although a pro se litigant's pleadings are to be construed liberally," the federal courts have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotations omitted). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Since service has not been effected following the Court's notice to Hannibal, dismissal without prejudice is required under the Federal Rules.[1]

IT IS THEREFORE ORDERED that the motions for default judgment [Dkt. No. 18; Dkt. No. 21; Dkt. No. 25] are DENIED and the claims against Emerald Care are DISMISSED WITHOUT PREJUDICE.

Dated this 9th day of May 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] If Hannibal chooses to refile her suit, she is encouraged to familiarize herself with Federal Rule of Civil Procedure 4(c)(3), which provides, "*At the plaintiff's request*, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3) (emphasis added).